**Stephanie WIMBS; Dorothy Wimbs,**

v.

**Sergeant J.A. KEARNEY, Deputy Sheriff of Allegheny County; Allegheny County, City of Pittsburgh; Police Officer Scott Ober, Stephanie Wimbs, Appellant.**

**No. 01–1647.**

United States Court of Appeals, Third Circuit.

Jan. 15, 2002.

Before MANSMANN, RENDELL and FUENTES, Circuit Judges.

## MEMORANDUM OPINION OF THE COURT

MANSMANN, Circuit Judge.

Stephanie Wimbs, the plaintiff in this action alleging false arrest, malicious prosecution, and use of excessive force by Pittsburgh Police Officer Scott Ober, appeals from an order of the District Court denying her motion for a new trial or, in the alternative, for judgment notwithstanding the jury's verdict in favor of Ober. Wimbs contends that the District Court erred in failing to deliver eight proposed jury instructions and in delivering other instructions over her objection. Because we are convinced that these allegations of error lack merit, we will affirm the order of the District Court.

I.

The parties are familiar with the factual and procedural history underlying this matter. Accordingly, we turn directly to the merits of Wimbs' appeal.

Typically we accord the District Court broad discretion in ruling on points for charge to the jury. *Bennis v. Gable,* 823 F.2d 723, 727 (3d Cir.1987). "Once an instruction has been given, our standard of review changes. 'At that point, we generally ask ourselves whether, viewed in light of the evidence, the charge as a whole fairly and adequately submits the issues in the case to the jury and reverse'" only where the instruction was capable of confusing and misleading the jury. *Waldorf v. Shuta,* 896 F.2d 723, 740 (3d Cir.1990) (quoting *Bennis,* 823 F.2d at 727).

We have carefully reviewed the record in this matter, devoting particular attention to Wimbs' proposed jury instructions and to the charge actually delivered. We find that the District Court's decision not to adopt the proposed instructions was fully consistent with the sound exercise of judicial discretion. Moreover, we do not find any error in the charge as it was delivered. "In reviewing a jury instruction, we look to see if the charge, taken as a whole and viewed in the light of the evidence, fairly and adequately submits the issues in the case to the jury." *United States v. Hart,* 273 F.3d 363, 373 (3d Cir. 2001) (quoting *United States v. Adams,* 759 F.2d 1099, 1116 (3d Cir.1985)). The District Court's charge to the jury in this matter was thorough and uncomplicated, and was consistent with both the law and the evidence adduced at trial.

## III.

Because we have failed to find merit in any of Wimbs' allegations of error, we will affirm the order of the District Court.

## JUDGMENT

This cause came to be considered on the record from the United States District Court for the Western District of Pennsylvania and was submitted under Third Circuit LAR 34.1(a) on January 7, 2002. On consideration whereof, it is now here ordered and adjudged by this court that the judgment of the District Court entered on February 12, 2001, be and the same is hereby affirmed. Costs taxed against appellant.